UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARI THOMPSON,

    Plaintiff,

Case No. 1:17-cv-21

v.

Hon. Gordon J. Quist

EENHOORN, LLC, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is plaintiff's Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (docket no. 17). This matter has been referred to the undersigned for Report and Recommendation.

In 2011, plaintiff moved into an apartment in Grand Rapids that provided subsidized housing for low-income tenants. Plaintiff's tenancy has been marked by complaints by and about her. *See, e.g.*, plaintiff's Reply Brief at pages 7-9 (docket no. 23, PageID.585-587). On March 15, 2017, plaintiff's landlord served her with a Notice to Quit, stating that she needed to move by April 15, 2017, "or your landlord/landlady may take you to court to evict you." *See* Notice to Quit (docket no. 18-3). In her present motion, plaintiff requests that the Court "enter a preliminary injunction preventing LPNH (the apartment owner), and any related entity or successor in interest, from acting on the March 15, 2017 Notice to Quit, and from taking any further efforts to evict Ms. Thompson for any reason that relates to the issues raised in this lawsuit while this case is pending" (docket no. 17, PageID.425).

Fed. R. Civ. P. 65(b) provides for the issuance of a temporary restraining order ("TRO") without written or oral notice to the adverse party or its attorney. Here, because defendant has received notice of the TRO, the Court will merge it into the motion for preliminary injunction brought pursuant to Fed. R. Civ. P. 65(a), and grant plaintiff's request for expedited consideration. "When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements." Wright, Miller, and Kane, *Federal Practice and Procedure*, § 2951 (Vol. 11A) (2013).

"It goes without saying that an injunction is an equitable remedy," *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982), and that "[a] preliminary injunction is an extraordinary remedy," *Overstreet v. Lexington - Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002). In resolving plaintiff's motion, the Court needs to look no further than the first reason given in the Notice to Quit for terminating plaintiff's tenancy, i.e., "1. You have violated paragraph 26 of the Lease by using marijuana on the property." Notice to Quit at PageID.435-36. Here, plaintiff admits that she uses marijuana in her apartment and has requested an accommodation for that activity. *See* Reply Brief at PageID.583. Marijuana is a Schedule I controlled substance under the Controlled Substances Act. 21 U.S.C.A., §§ 841(a)(1); 844(a); 812(b)(1). Possession or use of marijuana is a federal crime. This Court will not use the extraordinary equitable remedy of a preliminary injunction to enjoin a landlord from evicting a tenant who violates federal criminal law. Moreover, in this case, plaintiff's lease expressly prohibits such criminal conduct. "It is well settled that equity will not lend its aid to the perpetration of criminal acts." *Cartlidge v. Rainey*, 168 F.2d 841, 845 (5th Cir. 1948). Thus, "courts cannot use equitable powers to issue an order that would

facilitate criminal activity." *Fourth Corner Credit Union v. Fed. Reserve Bank of Kansas City*, 154 F. Supp. 3d 1185, 1188 (D. Colo. 2016).

Accordingly, it is respectfully recommended that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (docket no. 17) be **DENIED**.

Dated: April 11, 2017                /s/ Ray Kent
                                     RAY KENT
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).