UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KARI THOMPSON,

    Plaintiff,

v.                                              Case No. 1:17-CV-21

EENHOORN, LLC, et al.,             HON. GORDON J. QUIST

    Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Kari Thompson, sued Defendant Eenhoorn, LLC and other entities alleging claims under the Fair Housing Act, the Rehabilitation Act, and the Michigan Persons with Disabilities Civil Rights Act, arising out of Thompson's tenancy at The Lofts, an apartment complex that offers low-income housing.[1] In her complaint, Thompson alleges that Defendants violated state and federal law by, among other things, failing to accommodate Thompson's use of medical marijuana. On March 29, 2017, Thompson filed a motion for a temporary restraining order and preliminary injunction requesting that the Court enjoin Defendants from initiating any eviction proceeding based on a Notice to Quit that Defendants served on Thompson on or about March 15, 2017. (ECF No. 17.) The Court referred the matter to Magistrate Judge Ray Kent for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A).

On April 11, 2017, Magistrate Judge Kent issued a report and recommendation (R & R) recommending that the Court deny Thompson's motion. Magistrate Judge Kent observed that

---

[1] Thompson's complaint includes four other counts, including a request for a declaratory judgment, a claim for breach of restrictive covenants, a request for a permanent injunction, and a claim for violation of Michigan's Truth in Renting Act.

Plaintiff's marijuana usage was one of the grounds identified in the Notice to Quit for terminating Plaintiff's tenancy—a violation of paragraph 26 of Thompson's lease. (ECF No. 24 at pageID.595.) He further noted that possession or use of marijuana is a federal crime under the Controlled Substances Act and that a court should not employ equitable relief to enjoin a landlord from evicting a tenant who has engaged in criminal conduct. (*Id.*)

Thompson has filed an Objection to the R & R, in which she argues that the R & R errs in recommending that her motion be denied because, by her request for injunctive relief, she is not requesting the Court's aid or assistance in committing criminal activity, but instead seeks only to preserve the status quo.

Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Thompson's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Although Thompson argues that she did not request a preliminary injunction to facilitate her commission of criminal activity, the magistrate judge actually stated that the Court should not issue equitable relief to preclude a landlord from evicting a tenant who violates federal criminal law. It is undisputed that Thompson used marijuana on the property, that the Lease prohibits the use of marijuana on the property and is grounds for termination of the tenancy (ECF No. 1-1 at PageID.33), and that possession or use of marijuana is a federal crime.

While the magistrate judge did not expressly consider and weigh the preliminary injunction factors, the magistrate judge was not necessarily required to do so in light of his conclusion that injunctive relief should not issue to preclude a landlord from evicting a tenant on the basis of

2

criminal activity. In any event, the Court concludes that preliminary injunction the factors weigh against the requested relief. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In ruling on a motion for a preliminary injunction, a court considers four factors: "(1) whether the plaintiffs are likely to succeed on the merits; (2) whether the plaintiffs will suffer irreparable harm in the absence of an injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) whether the issuance of the injunction is in the public interest." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997).

As for the first factor, Thompson has not shown that she is likely to succeed on the merits of her claims, at least with regard to the accommodation claims based on use of marijuana. *See Forest City Residential Mgmt., Inc. v. Beasley*, 71 F. Supp. 3d 715, 727–31 (E.D. Mich. 2014) (concluding that tenants of rental unit were not entitled to accommodation under the Fair Housing Act and the Rehabilitation Act to use medical marijuana in their rental units). Second, even if Thompson is at risk of suffering irreparable harm if she is evicted, Thompson is not at imminent risk of eviction because it appears that Defendants have not actually initiated an eviction proceeding at this point. Moreover, if Defendants do file an eviction proceeding, Thompson will still be permitted to present to the state court any argument she may have as to why she should not be evicted. *See id.* at 732 ("The state courts have jurisdiction to determine whether, and under what circumstances,, a landlord may evict a tenant for violation of lease provisions."). Third, granting an injunction may well cause harm to others, including other tenants of the rental property who may object to being exposed to marijuana smoke. Finally, the public interest would not be served if the requested injunction is granted because precluding a landlord from enforcing restrictions on drug use on the

rental premises would undermine the public interest in maintaining drug-free federal low-income housing.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued April 11, 2017 (ECF No. 24) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief (ECF No. 17) is **DENIED**.


Dated: April 25, 2017 　　　　　　　　　　　　　　/s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE