UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
* * * * * * * * *

**KARI THOMPSON**

        Plaintiff,           Case No. 1:17-cv-00021-GJQ-RSK

v.

**EENHOORN, LLC, et al.,**           Hon. Gordon J. Quist

        Defendants.

---

**SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

For the first time in their reply brief, Defendants make the claim that a plaintiff must plead that a requested accommodation is "both necessary and existed when it was requested." (ECF 41, PageID.853). The argument mis-states the pleading standard in Fair Housing Act cases, and Plaintiff has provided sufficient detail to establish a plausible claim that her requested accommodation was reasonable. Therefore, Defendant's Motion to Dismiss and for Summary Judgment as to Plaintiff's First Amended Complaint should be denied. In the event that the Court disagrees, Plaintiff has the right to amend her complaint to cure the technical failing.

1

I. ARGUMENT

A. Defendants cite the wrong pleading standard for reasonable accommodations.

In their reply brief, Defendants cite *Groner v. Golden Gate Gardens Apartments*, 250 F.3d 1039, 1045 (6th Cir. 2001), for the proposition that Ms. Thompson must plead "the facts required to demonstrate that the accommodation was both necessary and existed when it was requested. (ECF 41, PageID.853). In fact, Defendants citation refers to a parenthetical explanation of a Second Circuit decision based on a reasonable accommodation in the workplace. See *Groner*, *supra* 250 F.3d at 145 (citing *Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 137–38)(2d Cir.1995). Indeed, the *Groner* Court was reviewing a split in the circuits with regard to the standard that a Fair Housing Act ("FHA") plaintiff must satisfy at summary judgment—whether the plaintiff must show reasonableness or the defendant must show the lack of reasonableness. *Id.* The *Groner* Court ultimately held "that the plaintiff in a Fair Housing Act case has the burden of proof to establish the reasonableness of a proposed accommodation." *Id.* at 1045. The opinion in *Groner* reviewed a trial court's decision on a motion for summary disposition; it provides no insight into the pleading standard a plaintiff must meet in an FHA case. There is simply no binding authority for the proposition that a plaintiff must plead that a reasonable accommodation exists.

### B. The reasonableness of an accommodation should not be decided in a motion to dismiss.

A plaintiff has the burden of proving that a requested accommodation is reasonable.  See *Groner, supra*, 250 F.3d at 1045. However, that determination is a "highly fact-specific inquiry[,]" in which the burden imposed on the defendant is "weighed against the benefits that would accrue to the plaintiff." *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 542 (6th Cir. 2014). An accommodation is reasonable if it "imposes no fundamental alteration in the nature of a program or undue financial and administrative burdens." *Id*. (quoting *Groner*, 250 F.3d at 1044).

Whether an accommodation request is reasonable is "not appropriately decided on a motion to dismiss." *Hodges v. D.C.*, 959 F. Supp. 2d 148, 155 (D.D.C. 2013); see *Di Lella v. Univ. of D.C. David A. Clarke Sch. of Law*, 570 F. Supp. 2d 1, 8 (D.D.C. 2008)(reasonableness "is not an issue that can be properly determined at this stage of the litigation."); see also *Consol. Rail Corp. v. Grand Trunk W. R.R. Co.*, No. 09-10179, 2009 WL 3460334, at *17 (E.D. Mich. Oct. 22, 2009)(the reasonableness of a business expectancy is reserved for summary disposition); see also *Fair Hous. Ctr. of Cent. Indiana v. United Church Residences of Indianapolis, Indiana, Inc.*, No. 1:16-CV-339-WTL-TAB, 2016 WL 7013885, at *2 (S.D. Ind. Dec. 1, 2016) (assertion that plaintiffs were denied a reasonable accommodation was sufficient for pleading stage). Since *existence* of an accommodation is not an element of that claim, Defendants' reference to the existence of a proposed accommodation appears to be a challenge to the reasonableness of the requested accommodation, as described in Ms. Thompson's First Amended Complaint. However, the pleading stage is not the appropriate time to challenge the reasonableness of the requested accommodation.

3

### C. Plaintiff's factual allegations must only provide sufficient factual support so that the claim is plausible on its face; Plaintiff's First Amended Complaint satisfies that burden.

To survive a motion to dismiss, a "plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face*." Linkletter v. W. & S. Fin. Grp., Inc.*, 851 F.3d 632, 637 (6th Cir. 2017). "A plausible claim pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations removed).

In her First Amended Complaint, Ms. Thompson stated that she has severe anxiety, which is exacerbated by loud noises. (ECF No. 35, at ¶ 72). Ms. Thompson had "some particularly loud or troublesome neighbors . . ." (*Id.* at ¶ 74). Ms. Thompson sent a reasonable accommodation request to Defendants in July 2015, requesting a move to a different apartment, where she would be less likely to be disturbed by neighbors. (*Id.* at ¶81). Defendants denied the request, claiming that none of the other apartments in The Lofts would be quieter than Ms. Thompson's unit. (*Id.* at ¶82). Later, in the spring of 2016, Defendants began a construction project on the garage at the Lofts. (*Id.* at ¶ 86). The garage is directly below Ms. Thompson's apartment. (*Id.*).The construction noise aggravated Ms. Thompson's anxiety, and she made a request to be moved to an apartment away from the construction noise. (*Id.* at ¶ 87).

Ms. Thompson has identified two specific reasons why her apartment was different from the other apartments at The Lofts—the neighbors and the construction outside of her window. (ECF No. 34, at ¶¶ 81, 87). There is no dispute that there were other apartments in The Lofts; those apartments would not be directly above construction or right next to a particularly noisy neighbor. It is therefore reasonable to

4

infer, from the face of Ms. Thompson's Complaint, that the requested reasonable accommodation existed. See *Linkletter, supra*, 851 F.3d at 637.

Defendants also argue that Ms. Thompson has not pled sufficient facts to infer that her requested accommodation was necessary. An accommodation is necessary if it will "affirmatively enhance a disabled plaintiff's quality of life by ameliorating the effects of the disability." *Smith & Lee Assoc, Inc v City of Taylor*, 102 F.3d 781, 790 (6th Cir. 1996). Ms. Thompson asserted that her disability causes her to be particularly sensitive to certain noises. (ECF No. 35, at ¶ 72). Her neighbors and the construction outside of her window exacerbated her disability-related anxiety. (ECF No. 35, at ¶¶ 77, 81, 86-7). Moving away from the source of those noises would certainly enhance the quality of Ms. Thompson's life, and ameliorate the effects of her disability. For that reason, Ms. Thompson has pled sufficient facts so that her claim that a reasonable accommodation was necessary is plausible on its face. See *Linkletter, supra,* 851 F.3d at 637.

### D. Plaintiff has the right to amend to cure any perceived defects.

Ms. Thompson has clearly pled sufficient facts to establish the plausibility of each element of her reasonable accommodation claim. If, however, the Court finds that Ms. Thompson has failed to allege sufficient factual allegations, she should be given the opportunity to amend her Complaint. "When a motion to dismiss a complaint is granted, courts typically permit the losing party leave to amend." *Brown v Matauszak*, 415 Fed. Appx. 608, 614 (6th Cir. 2011)(quoting *PR Diamonds, Inc. v Chandler*, 364 F.3d 671, 698 (6th Cir. 2004).

5

## II.  CONCLUSION

For the reasons stated above, and more fully in Plaintiff's Response brief, Plaintiff requests that the Court deny Defendants' Motion to Dismiss and for Summary Judgment as to Plaintiff's First Amended Complaint.

                                              Respectfully submitted,

September 14, 2017                          /s/ John P Smith
                                              LEGAL AID OF WESTERN MICHIGAN
                                              Attorneys for Plaintiff
                                              John P. Smith (P71368)
                                              jsmith@legalaidwestmich.net